HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CEDRIC WALKER, JAMES KASCH and I & E INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY SHERIFF'S OFFICE, et al,<br><br>Defendants. | Case No. C05-5806 RBL<br><br>ORDER |

 THIS MATTER comes on before the above-entitled Court upon Defendant Clark County's Motion to Strike Plaintiffs' Complaint [Dkt. #6].

 Having considered the entirety of the records and file herein, the Court finds and rules as follows:

 The Clark County defendants have moved to strike plaintiffs' complaint under Fed. R. Civ. P. 8(a), 8(e), and 12(f) because the complaint contains redundant, prolix and immaterial matter. Rule 8(a)(2) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) similarly requires that "each averment of a pleading shall be simple, concise, and direct." Together, these rules obviated the need for technical pleadings and therefore made the pleading process easier. At the same time, however, a defendant is entitled to a pleading which supplies the claims against each defendant, facts supporting them, and a simple demand for relief. This allows him (or her, or it) to analyze its risk, and to frame a meaningful response. In the face of an "argumentative, prolix, redundant and irrelevant" complaint, the defendant is forced to use the expensive and time-consuming discovery process to weed out allegations

1  which are not in fact part of the claim for relief and to flesh out those which are. *See McHenry v. Renne*, 84
2  F.3d 1172 (9th Cir. 1996). Additionally, although the defendant does not so argue, Rule 12(e) provides that
3  where a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive
4  pleading, a party may move for a more definite statement before interposing a responsive pleading.

5  The Court has reviewed the complaint. It consists of a nine-page document together with some 85
6  pages denominated as Exhibits 1 and 2. Exhibits 1 and 2 consist of letter correspondence from plaintiffs'
7  former counsel to the Clark County Planning Commission and the Clark County Commissioners, e-mails
8  amongst the defendant Sheriff's officers, and records of the Washington Department of Corrections. Virtually
9  every paragraph of factual recitation makes a conclusory statement devoid of facts and refers to Exhibits 1 and
10 2. See paragraphs 3.3, 3.4, 3.6, 3.7, 3.10, 3.11, 3.12, 3.14, and 3.15. Paragraph 3.18 states "Plaintiff's (sic)
11 incorporate by reference the facts contained in Exhibits 1 and 2 as if set forth fully herein. Exhibits 1 and 2
12 contain a full narrative statement of relevant facts." In setting forth the various causes of action, plaintiffs
13 again refer to Exhibits 1 and 2.

14 Plaintiffs' complaint does not comport with Rule 8 in that by referencing Exhibits 1 and 2 it does not
15 contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to
16 remedy this defect, the plaintiffs shall serve and file a more definite statement of their claim under Rule 12(e).
17 The plaintiffs shall comply with Rule 12(e) by filing an amended complaint which meets the requirements of
18 Rule 8 (and does not include exhibits) within 21 days of entry of this Order.

19 Plaintiffs' request for Rule 11 sanctions is **DENIED**.

20 **IT IS SO ORDERED.**

21 The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
22 pro se.

23 Dated this 7th day of March, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2